IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 15-00614 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| vs. | ) | **DISMISS** |
| | ) | |
| GREGORY SCHER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO DISMISS**

**I.      INTRODUCTION.**

The Superseding Indictment of March 9, 2016, charges
Defendant Gregory Scher with allegedly fraudulent acts relating
to his application for or receipt of Social Security benefits.
See ECF No. 41.  Scher has moved to dismiss the charges, arguing
that they are duplicitous and multiplicitous.  This court denies
the motion.

**II.     FACTUAL BACKGROUND.**

There are eight counts in the Superseding Indictment.

Count 1 charges that, on or about October 22, 2012, in
violation of 42 U.S.C. § 408(a)(2),[1] Scher knowingly and
willfully made the following false statements and representations
in an application for Social Security Disability Insurance

---

[1]This subsection makes it a felony to "make[] or
cause[] to be made any false statement or representation of a
material fact in any application for any payment or for a
disability determination" under provisions governing Federal Old-
Age, Survivors, and Disability Insurance Benefits.  42 U.S.C.
§§ 401-434.  42 U.S.C. § 408(a)(2).

benefits: 1) that, from May 2012 to July 2012, he was only employed by Watts Construction; 2) that, in 2011, he was not self-employed; 3) that, in 2012, he was not self-employed; and 4) that he did not expect to be self-employed in 2013.

Count 2 charges that, on or about October 25, 2012, in violation of 42 U.S.C. § 1383a(a)(1),[2] Scher knowingly and willfully made the following false statements and representations in an application for Supplemental Security Income benefits: 1) that the only vehicle he owned was a 2002 GMC Envoy; 2) that his only bank accounts were checking and savings accounts with Bank of Hawaii; 3) that the balances in his Bank of Hawaii accounts were only $652.00 and $800.02; and 4) that he received or only expected to receive income in October 2012 of $1,090.00 in unemployment compensation from the State of Hawaii.

Count 3 charges that, on or about March 6, 2013, in violation of 42 U.S.C. § 1383a(a)(2),[3] Scher knowingly and willfully made the following false statements and representations

---

[2]This subsection makes it a felony to "knowingly and willfully make[] or cause[] to be made any false statement or representation of a material fact in any application for any benefit under th[e] subchapter" concerning Supplemental Security Income for Aged, Blind, and Disabled.  42 U.S.C. § 1383a(a)(1).

[3]This subsection makes it a felony to "at any time knowingly and willfully make[] or cause[] to be made any false statement or representation of a material fact for use in determining rights to any . . . benefit" concerning Supplemental Security Income for Aged, Blind, and Disabled.  42 U.S.C. § 1383a(a)(2).

to the Social Security Administration for its use in determining his Supplemental Security Income benefits: 1) that, as of October 1, 2012, through March 6, 2013, R.S. was living as a dependent in his household; 2) that, as of March 6, 2013, the only vehicle he owned was a 2002 GMC Envoy; 3) that, as of March 6, 2013, he only had one checking and one savings account with Bank of Hawaii; 4) that the only income received in October 2012 was $1,090.00 from the State of Hawaii for unemployment compensation; and 5) that his last unemployment check was received from the State of Hawaii on October 19, 2012.

Count 4 charges that, on or about March 6, 2013, in violation of 18 U.S.C. § 1001(a)(2),[4] Scher knowingly and willfully made a false statement or representation to a Social Security Administration representative that he had not worked since July 15, 2012.

Count 5 charges that, in violation of 42 U.S.C. § 408(a)(4)(2),[5] from on or about April 11, 2013, through on or

---

[4]This subsection prohibits "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- (2) makes any materially false, fictitious, or fraudulent statement or representation[.]"  18 U.S.C. § 1001(a)(2).

[5]This subsection makes it a felony to "hav[e] knowledge of the occurrence of any event affecting . . . the initial or continued right to any payment of any other individual in whose behalf he has applied for or is receiving such payment" but to "conceal[] or fail[] to disclose such event with an intent fraudulently to secure payment either in a greater amount than is due or when no payment is authorized."  42 U.S.C. § 408(a)(4)(2).

about April 15, 2014, Scher concealed and failed to disclose that his minor daughter was not living with him in an effort to fraudulently obtain Social Security Child's Insurance benefits. Count 5 also seeks a sentencing enhancement under 18 U.S.C. § 3147(1)[6] because Scher allegedly committed the offense while on pretrial release.

Count 6 charges that, in violation of 42 U.S.C. § 408(a)(4)(1),[7] from on or about April 16, 2013, through on or about September 19, 2014, Scher concealed and failed to disclose that he was working while receiving Social Security Disability Insurance payments in an effort to fraudulently obtain those payments. Count 6 also seeks a sentencing enhancement under 18 U.S.C. § 3147(1) because Scher allegedly committed the offense while on pretrial release.

Count 7 charges that, on or about March 3, 2014, through on or about September 16, 2014, in violation of 42 U.S.C.

---

[6]This section states, "A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to-- (1) a term of imprisonment of not more than ten years if the offense is a felony[.]"  18 U.S.C. § 3147(1).

[7]This subsection makes it a felony for any person "having knowledge of the occurrence of any event affecting (1) his initial or continued right to any payment under this subchapter" to "conceal[] or fail[] to disclose such event with an intent fraudulently to secure payment either in a greater amount than is due or when no payment is authorized."  42 U.S.C. § 408(a)(4)(1).

§ 408(a)(5),[8] Scher applied for and received Social Security Child's Disability Insurance benefits for his minor child, but converted those payments for Scher's own use.

Count 8 charges that, on or about July 20, 2014, in violation of 42 U.S.C. § 408(a)(3),[9] Scher knowingly and willfully made the following materially false statements and representations to the Social Security Administration in a Work Activity Report with respect to Scher's right to continued Social Security Disability Insurance benefits: 1) that, as of July 2012 through July 20, 2014, he did not receive any payment or benefit not disclosed to the Social Security Administration; 2) that, from September 13, 2013, through February 21, 2014, he was only employed by Kiewit Infrastructure West Co.; and 3) that cataracts rendered him legally blind.

---

[8]This subsection makes it a felony for any person who, "having made application to receive payment under this subchapter for the use and benefit of another and having received such a payment, knowingly and willfully converts such a payment, or any part thereof, to a use other than for the use and benefit of such other person[.]"  42 U.S.C. § 408(a)(5).

[9]This subsection makes it a felony to "at any time make[] or cause[] to be made any false statement or representation of a material fact for use in determining rights to payment under this subchapter" concerning federal old-age, survivors, and disability insurance benefits.  42 U.S.C. § 408(a)(3).

III.      ANALYSIS.

        A.   Standard.

        Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense "that the court can determine without a trial on the merits."  A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact.  United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993).  Although the court may make preliminary findings of fact necessary to decide legal questions presented by a motion, the court may not "invade the province of the ultimate finder of fact."  Id.  No party in the present case has asked the court to go beyond the allegations in the Complaint to make such preliminary findings of fact. Instead, Scher asks the court to examine the allegations in the Superseding Indictment to determine whether its counts are duplicitous or multiplicitous.

        B.   The Crimes Alleged in Counts 5 and 6 Are Not Duplicitous.

        Scher seeks dismissal of Counts 5 and 6 of the Superseding Indictment, arguing that each of those counts contains two distinct crimes and is therefore duplicitous.  Scher contends that each of the two counts contains a substantive alleged violation as well as a separate offense under 18 U.S.C. § 3147, which provides for a higher sentence if the substantive

6

offense was committed by a person on pretrial release.  The court denies this part of the motion.

"An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." United States v. Mancuso, 718 F.3d 780, 792 (9th Cir. 2013).  The "danger of duplicity is that a jury could find a defendant guilty on a count without reaching a unanimous verdict on the commission of an offense." United States v. Renteria, 557 F.3d 1003, 1008 (9th Cir. 2009).  A duplicitous count violates a defendant's Sixth Amendment right to know the charges against him or her, as well as the defendant's Fifth Amendment protection against double jeopardy because of the lack of clarity with respect to the charges.  United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

Count 5 charges Scher with having concealed and failed to disclose that his minor daughter was no longer living with him.  Count 6 charges Scher with working while obtaining Social Security Disability Insurance payments.  Both counts allege that these actions were taken in furtherance of fraudulently obtaining benefits.  The counts also seek a sentencing enhancement under 18 U.S.C. § 3147(1) because Scher allegedly committed the offenses while on pretrial release.

The gist of Scher's argument appears to be that seeking an enhanced sentence under 18 U.S.C. § 3147 constitutes a charge

separate from the underlying substantive offense.  At the hearing
on this motion, Scher recognized that Ninth Circuit precedent
makes his duplicity argument difficult.  In <u>United States v.
Patterson</u>, 820 F.2d 1524, 1526 (9th Cir. 1987), the Ninth Circuit
specifically held that 18 U.S.C. § 3147 does not create a
separate offense.  Instead, it is "a sentence enhancement statute
which simply mandates an enhanced sentence for someone who
commits an offense while released on bail."  <u>Id.</u>  Because § 3147
is not a separate offense and is instead a sentencing enhancement
statute, neither Count 5 nor Count 6 asserts two or more separate
offenses in the same count.  Accordingly, Counts 5 and 6 are not
duplicitous.

### C.   Counts 1 to 8 Are Not Multiplicitous.

Scher next argues that all of the counts in the
Superseding Indictment should be dismissed as multiplicitous
because they all charge the same continuing offense.  This court
is not persuaded.

"An indictment is multiplicitous when it charges
multiple counts for a single offense, thereby resulting in two
penalties for one crime and raising double jeopardy concerns."
<u>United States v. Mancuso</u>, 718 F.3d 780, 791 (9th Cir. 2013);
<u>accord</u> <u>United States v. Stewart</u>, 420 F.3d 1007, 1012 (9th Cir.
2005).  "The appropriate inquiry is whether Congress intended to
prescribe multiple punishments for the same conduct."  <u>United</u>

8

States v. Nash, 115 F.3d 1431, 1437 (9th Cir. 1997).  The test set
forth in Blockburger v. United States, 284 U.S. 299, 304 (1932),
governs this determination.  Nash, 115 F.3d at 1437.  Charges are
not multiplicitous if each requires proof of an element that the
other charges do not require proof of.  See Blockburger, 284 U.S.
at 304; United States v. Vargas-Castillo, 329 F.3d 715, 719 (9th
Cir. 2003) ("The test to determine whether an indictment is
multiplicitous is whether each separately violated statutory
provision requires proof of an additional fact which the other
does not." (quotation marks and citation omitted)).  In other
words, "two counts within an indictment are not multiplicitous if
each separately violated statutory provision requires proof of an
additional fact which the other does not."  Mancuso, 718 F.3d at
791 (quotation marks and citation omitted).  See also United
States v. Nash, 115 F.3d 1431, 1437 (9th Cir. 1997) ("Thus, if
each offense requires proof of a fact that the other does not,
the offenses are not multiplicitous, absent a clear indication of
contrary legislative intent.").

       In the present case, no two counts assert a violation
of the same section or the same subsection of a statute.  Each
count has at least one element different from the elements in the
other counts:

| Count | Statute Allegedly Violated | Date | Statutory Elements |
|-------|---------------------------|------|--------------------|
| 1 | 42 U.S.C. § 408(a)(2) | 10/22/12 | 1) make or cause to be made; 2) any false statement or representation of a material fact; 3) in any application for any payment or for a disability determination under 42 U.S.C. §§ 401-434. |
| 2 | 42 U.S.C. § 1383a(a)(1) | 10/25/12 | 1) knowingly and willfully; 2) make or cause to be made; 3) any false statement or representation of a material fact; 4) in any application for any benefit under the subchapter concerning Supplemental Security Income for Aged, Blind, and Disabled, 42 U.S.C. §§ 1381-1385. |
| 3 | 42 U.S.C. § 1383a(a)(2) | 3/6/13 | 1) knowingly and willfully; 2) make or cause to be made; 3) any false statement or representation of a material fact; 4) for use in determining rights to any benefit concerning Supplemental Security Income for Aged, Blind, and Disabled. |
| 4 | 18 U.S.C. § 1001(a)(2) | 3/6/13 | 1) knowingly and willfully; 2) makes any materially false, fictitious, or fraudulent statement or representation; 3) in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States |

| 5 | 42 U.S.C. § 408(a)(4)(2) | 4/11/13-4/15/14 | 1) have knowledge of the occurrence of any event; 2) affecting the initial or continued right to any payment under 42 U.S.C. §§ 401-434; 3) to any other individual on whose behalf he or she has applied for or is receiving such payment; 4) but conceals or fails to disclose such event; 5) with intent to fraudulently secure payment either in a greater amount than is due or when no payment is authorized. |
| 6 | 42 U.S.C. § 408(a)(4)(1) | 4/16/13-9/19/14 | 1) have knowledge of the occurrence of any event; 2) affecting the initial or continued right to any payment under 42 U.S.C. §§ 401-434; 3) to himself or herself; 4) but conceals or fails to disclose such event; 5) with intent to fraudulently secure payment either in a greater amount than is due or when no payment is authorized. |
| 7 | 42 U.S.C. § 408(a)(5) | 3/3/14-9/16/14 | 1) submitting application to receive payment under 42 U.S.C. §§ 401-434; 2) for the use and benefit of another; 3) knowingly and willfully converting the payment received, or any part thereof, to a use other than for the use and benefit of such other person. |
| 8 | 42 U.S.C. § 408(a)(3) | 7/20/14 | 1) make or cause to be made 2) any false statement or representation of a material fact; 3) for use in determining rights to payment under 42 U.S.C. §§ 401-434. |

11

As detailed in the table above, each count has at least one element different from the other counts.  Moreover, there is no indication that Congress intended to prohibit a defendant from being charged with multiple counts based on violations of these different subsections.

For example, § 408(a)(2), the statute at issue in Count 1, prohibits the making of a false statement or the representation of a material fact in connection with an application for any payment or disability determination under 42 U.S.C. §§ 401 to 434.  Although § 408(a)(3), the statute at issue in Count 8, similarly prohibits the making of a false statement or the representation of a material fact for use in determining rights to payment under 42 U.S.C. §§ 401 to 434, it is clear that § 408(a)(3) differs from § 408(a)(2).  Section 408(a)(3) does not require the statement to have been made in an application for any payment or for a disability determination under 42 U.S.C. §§ 401 to 434.  The Superseding Indictment follows this distinction in charging Scher in Count 1 with making false statements in an application for Social Security Disability Insurance benefits and charging him in Count 8 with making false statements in a Work Activity Report.

Ignoring the different elements in each of the charged counts, Scher argues that the counts are multiplicitous because they involved a single course of conduct.  But this case involves

12

discrete acts, not a single course of conduct.  It differs from cases like United States v. Doty, 2016 WL 4745192, *7 (D. Nev. March 1, 2016), in which the court determined that being charged in two counts for the same statutory violation of possessing the same firearm on two different dates was multiplicitous.  This case is more akin to cases like Vargas-Castillo, 329 F.3d at 719, in which the Ninth Circuit held that an indictment charging a defendant with a violation of 21 U.S.C. § 841(a)(1) for importation and possession of marijuana with intent to distribute and a separate violation of the same statute for importation and possession of cocaine with intent to distribute was not multiplicitous.  In Vargas-Castillo, the Ninth Circuit reasoned that, to convict the defendant, the Government had to prove in one count that marijuana was possessed and in the other count that cocaine was possessed, and that these different proof requirements defeated the contention that the charges were multiplicitous.  Id.

This case is very much like United States v. Nash, 115 F.3d 1431, 1437 (9th Cir. 1997), which involved an argument that bank fraud and false statement counts were multiplicitous.  Nash had been charged with bank fraud in violation of 18 U.S.C. § 1344 and with making false statements to a federally insured lending institution in violation of 18 U.S.C. § 1014.  The Ninth Circuit ruled that § 1344 and § 1014 satisfied the Blockburger test.

13

Section 1344 requires proof that the defendant "knowingly engaged in a scheme to defraud a federally insured institution or to obtain money under the custody or control of such an institution by means of material false statements or representations." <u>Nash</u>, 115 F.3d at 1437-38.  On the other hand, § 1014 requires proof that the defendant "made a knowing, false statement to the bank for the purpose of influencing its action on a loan." <u>Id.</u> at 1438.  Because each statute had an element that the other did not, and because there was no evidence that Congress intended to prevent the charging of defendants with both crimes, the Ninth Circuit held that the indictment was not multiplicitous.  <u>Id.</u>

Similarly, in a case involving 18 U.S.C. § 1001, the statute at issue in Count 4, the Ninth Circuit stated that, although a defendant may be convicted of making false statements only once when identical false statements are made in response to identical questions, "each nonidentical false statement made or document prepared or used may be charged as a separate violation of section 1001." <u>United States v. Segall</u>, 833 F.2d 144, 146 (9th Cir. 1987).  The essential holding in <u>Seagull</u> is that counts based on differing statements and/or representations are not mulitplicitous.  In the present case, Counts 1 through 8 involve different statements; nothing in the Superseding Indictment suggests that the statements were made in response to identical questions.

The court recognizes, as Scher argued at the hearing, that some of the alleged statements involved the same misrepresentation in different contexts.  For example, Count 2 of the Superseding Indictment charges Scher with having allegedly stated on or about October 25, 2012, in connection with an application for Supplemental Security Income benefits, that the only vehicle he owned was a 2002 GMC Envoy, that he only had bank accounts with Bank of Hawaii, and that, in October 2012, he received or expected to receive $1090 in unemployment compensation.  Count 3 of the Superseding Indictment charges Scher with having made the same alleged misrepresentations on or about March 6, 2013, "for use by the Social Security Administration in determining rights to Supplemental Security Income benefit payments."  But the court cannot determine based solely on the allegations in the Superseding Indictment that the representations were made in response to identical questions.  At a minimum, the alleged misrepresentations pertained to different dates.  Given these circumstances, the court does not dismiss either Count 2 or Count 3.

At the hearing on the present motion, Scher conceded that he was relying only on the allegations in the Superseding Indictment in seeking dismissal.  Those allegations do not indicate that any alleged misrepresentation was identical to another alleged misrepresentation made in response to a question

identical to the question that elicited the first misrepresentation.  At present, this court cannot conclude that counts are multiplicitous.  If in the future Scher can show that he is being charged in multiple counts with having made the same misrepresentation(s) in response to identical questions, Scher may renew his motion.

**IV.      CONCLUSION.**

The motion to dismiss the indictment is denied.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 28, 2016.


 /s/ Susan Oki Mollway 
Susan Oki Mollway
United States District Judge


United States of American v. Scher, Crim. No. 15-00614 SOM; Order Denying Motion to Dismiss