ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

THOMAS J. BRADY #4472
Chief, Criminal Division

DARREN W.K. CHING #6903
GREGG P. YATES #8225
Assistant U.S. Attorney
300 Ala Moana Blvd., Room 6-100
Honolulu, Hawaii 96850
Telephone: (808)541-2850
E-mail: Darren.Ching@usdoj.gov
        Gregg.Yates@usdoj.gov

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 09 2016

at____o'clock and_____min.____M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY SCHER,<br>  aka "Greg Scher,"<br>  aka "Gregory Armin Scher,"<br>  aka "Greg A. Scher,"<br><br>Defendant. | CR. NO. 15-00614 SOM<br><br>SECOND SUPERSEDING INDICTMENT<br><br>Count 1:<br>42 U.S.C. § 408(a)(2)<br>Social Security Fraud<br><br>Count 2:<br>42 U.S.C. § 1383a(a)(1)<br>Social Security Fraud<br><br>Count 3:<br>42 U.S.C. § 1383(a)(2)<br>Social Security Fraud<br><br>Count 4:<br>False Statement and<br>Representation<br>18 U.S.C. § 1001(a)(2) |

```
)  Count 5:
)  Representative Payee Fraud
)  42 U.S.C. § 408(a)(4)(2)
)
)  Count 6:
)  42 U.S.C. § 408(a)(4)(1)
)  Social Security Fraud
)
)  Count 7:
)  42 U.S.C. § 408(a)(5)
)  Representative Payee Fraud
)
)  Count 8:
)  42 U.S.C. § 408(a)(3)
)  Social Security Fraud
)
)  Count 9:
)  42 U.S.C. § (a)(4)(1)
)  Social Security Fraud
)
```

### SECOND SUPERSEDING INDICTMENT

### COUNT 1
#### SOCIAL SECURITY FRAUD

The Grand Jury charges that:

On or about October 22, 2012, in the District of Hawaii, defendant GREGORY SCHER, knowingly and willfully made false statements and representations of material fact in an application for Social Security Disability Insurance benefits payments presented to the Social Security Administration, to wit:  GREGORY SCHER falsely stated that in 2012 he was only employed by Watts Construction from May 2012 to July 2012, when in truth and fact, as he then well knew, he had other employment besides Watts Construction.

2

All in violation of Title 42, United States Code,
Section 408(a)(2).

<u>COUNT 2</u>
**SOCIAL SECURITY FRAUD**

The Grand Jury further charges that:

On or about October 25, 2012, in the District of
Hawaii, defendant GREGORY SCHER, knowingly and willfully made
false statements and representations of material fact for use by
the Social Security Administration in his application for
Supplemental Security Income benefits payments, to wit:

(1)   GREGORY SCHER falsely stated that as of October 25,
2012, the only vehicle he owned was a 2002 GMC Envoy,
when in truth and fact, as he then well knew, he owned
more vehicles than just the 2002 GMC Envoy;

(2)   GREGORY SCHER falsely stated that as of October 25,
2012, the only bank accounts he had were a savings and
a checking account with Bank of Hawaii, when in truth
and fact, as he then well knew, he had a bank account
other than the savings and checking accounts with Bank
of Hawaii;

(3)   GREGORY SCHER falsely stated that as of October 25,
2012, the value of his Bank of Hawaii checking account
was $652.00 and the value of his Bank of Hawaii
savings account was $800.02, when in truth and fact,

3

as he then well knew, that on October 25, 2012, the value of his Bank of Hawaii checking account was more than $652.00 and the value of his Bank of Hawaii savings account was more than $800.02; and

(4)     GREGORY SCHER falsely stated that he only received or expected to receive income in October of 2012, of $1,090.00 in unemployment compensation from the State of Hawaii, when in truth and fact, as he then well knew, he received income other than the $1,090.00 in unemployment compensation from the State of Hawaii.

All in violation of Title 42, United States Code, Section 1383a(a)(1).

### COUNT 3
### SOCIAL SECURITY FRAUD

The Grand Jury further charges that:

On or about March 6, 2013, in the District of Hawaii, defendant GREGORY SCHER, knowingly and willfully made false statements and representations of material fact for use by the Social Security Administration in determining rights to Supplemental Security Income benefits payments, to wit:

(1)     GREGORY SCHER falsely stated on his review statement summary for the Supplemental Security Income benefits program, that as of October 1, 2012 through March 6, 2013, his household included R.S., when in truth and

4

fact, as he then well knew, as of January 2013 R.S. was not part of his household;

(2)   GREGORY SCHER falsely stated on his review statement summary for the Supplemental Security Income benefits program that as of March 6, 2013, the only vehicle he owned was a 2002 GMC Envoy, when in truth and fact, as he then well knew, he owned more vehicles than just the 2002 GMC Envoy;

(3)   GREGORY SCHER falsely stated on his review statement summary for the Supplemental Security Income benefits program that as of March 6, 2013, the only bank accounts he had were a savings and a checking account with Bank of Hawaii, when in truth and fact, as he then well knew, he had a bank account other than the savings and checking accounts with Bank of Hawaii;

(4)   GREGORY SCHER falsely stated on his review statement summary for the Supplemental Security Income benefits program that he only received or expected to receive income in October of 2012 of $1,090.00 in unemployment compensation from the State of Hawaii, when in truth and fact, as he then well knew, he received income other than the $1,090.00 in unemployment compensation from the State of Hawaii; and

    (5)   GREGORY SCHER falsely stated on his review statement summary for the Supplemental Security Income benefits program that he last received an unemployment check from the State of Hawaii on October 19, 2012, when in truth and fact, as he then well knew, he received unemployment checks from the State of Hawaii after October 19, 2012.

All in violation of Title 42, United States Code, Section 1383a(a)(2).

**COUNT 4**

**FALSE STATEMENT AND REPRESENTATION**

The Grand Jury further charges that:

On or about March 6, 2013, in the District of Hawaii, defendant GREGORY SCHER, knowingly and willfully made a false statement and representation of material fact within the jurisdiction of the executive branch of the Government of the United States, to wit: GREGORY SCHER stated and represented to a Social Security Administration representative that he had not worked since July 15, 2012, when in truth and fact, as he then well knew, he had worked after July 15, 2012.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 5
### REPRESENTATIVE PAYEE FRAUD

The Grand Jury further charges that:

On or about April 11, 2013, and continuing to on or about April 15, 2014, in the District of Hawaii, defendant GREGORY SCHER, in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting the continued right to Social Security Child's Insurance benefits payments for his minor daughter, I.L.S., on whose behalf he applied for and was receiving such payments, knowingly and willfully concealed and failed to disclose such event with the intent to fraudulently secure payments either in a greater amount than was due or when no payment was authorized, to wit: GREGORY SCHER knowingly and willfully concealed and failed to disclose the fact that his minor daughter, I.L.S., was not in his custody and otherwise changed living arrangements, in order to continue to receive and spend Social Security Child's Insurance benefits payments made to his minor daughter, I.L.S., to which he knew he was not entitled.

On or about April 12, 2013, to on or about January 7, 2014, GREGORY SCHER was on release pursuant to an order dated April 16, 2013, from the United States District Court District of Hawaii, Case No. 1:13-mj-00535-KSC, which order notified

7

GREGORY SCHER of the potential effect of committing an offense while on pretrial release.

All in violation of Title 42 Section 408(a)(4)(2) and Title 18, United States Code, Section 3147(1).

## COUNT 6
### SOCIAL SECURITY FRAUD

The Grand Jury further charges that:

On or about April 16, 2013, and continuing to on or about September 19, 2014, in the District of Hawaii, defendant GREGORY SCHER, in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of events affecting his initial and continued right to Social Security Disability Insurance benefits payment, knowingly and willfully concealed and failed to disclose such events with an intent to fraudulently secure payment either in a greater amount than was due or when no payment was authorized, to wit: GREGORY SCHER having applied for, having been granted, and having received, Social Security Disability Insurance benefits payments, worked from on or about April 16, 2013, to on or about August 28, 2014, and knowingly and willfully concealed and failed to disclose this work to the Social Security Administration as required, in order to receive benefits payments to which he knew he was not entitled.

8

On or about April 12, 2013, to on or about January 7, 2014, GREGORY SCHER was on release pursuant to an order dated April 16, 2013, from the United States District Court District of Hawaii, Case No. 1:13-mj-00535-KSC, which order notified GREGORY SCHER of the potential effect of committing an offense while on pretrial release.

All in violation of Title 42, United States Code, Section 408(a)(4)(1) and Title 18, United States Code, Section 3147(1).

<u>COUNT 7</u>
**REPRESENTATIVE PAYEE FRAUD**

The Grand Jury further charges that:

On or about March 3, 2014 through on or about September 16, 2014, in the District of Hawaii, defendant GREGORY SCHER, having made application to receive payments for the use and benefit of another, and having received such payments, knowingly and willfully converted payments, or any part thereof, to a use other than for the use and benefit of the other person, to wit: GREGORY SCHER while acting as Representative Payee for his minor daughter, I.L.S., received I.L.S.'s Social Security Child's Insurance benefits payments, to which he knew he was not entitled, but converted these payments for his own use.

All in violation of Title 42 Section 408(a)(5).

9

COUNT 8
SOCIAL SECURITY FRAUD

The Grand Jury further charges that:

On or about July 20, 2014, defendant GREGORY SCHER, in a matter within the jurisdiction of the Social Security Administration, knowingly and willfully made materially false statements and representations used by the Social Security Administration to determine continued rights to Social Security Disability Insurance benefits payments, to wit:

(1) GREGORY SCHER in a Work Activity Report (Form SSA-821 BK) reported that as of July 2012 and up until July 20, 2014, he did not receive any other payment or benefits from an employer in addition to regular pay (other than those he already disclosed in the Work Activity Report), when in truth and fact, as he then well knew, he received other payments from employers, and failed to disclose these payments to the Social Security Administration as required;

(2) GREGORY SCHER in a Work Activity Report (Form SSA-821 BK) only reported that he was employed from September 13, 2013 to February 21, 2014, at Kiewit Infrastructure West Co., when in truth and fact, as he then well knew, he was also employed from on or about April 7, 2014 to on or about July 12, 2014, and failed

10

to disclose this work to the Social Security
Administration as required; and

(3)   GREGORY SCHER in a Work Activity Report (Form SSA-821
BK) reported that he was "legally blind due to
cataracts ....", when in truth and fact, as he then
well knew, he was not legally blind.

All in violation of Title 42, United States Code,
Section 408(a)(3).

### COUNT 9
### SOCIAL SECURITY FRAUD

The Grand Jury further charges that:

On or about June 5, 2016 and continuing to on or about
October 16, 2016, in the District of Hawaii, defendant GREGORY
SCHER, in a matter within the jurisdiction of the Social
Security Administration, having knowledge of the occurrence of
events affecting his initial and continued right to Social
Security Retirement Insurance benefits payment, knowingly and
willfully concealed and failed to disclose such events with an
intent to fraudulently secure payment either in a greater amount
than was due or when no payment was authorized, to wit: GREGORY
SCHER having applied for, having been granted, and having
received, Social Security Retirement Insurance benefits
payments, worked from on or about June 5, 2016, to on or about
October 16, 2016, and knowingly and willfully concealed and

11

failed to disclose this work to the Social Security Administration as required, in order to receive benefits payments to which he knew he was not entitled.

On or about June 5, 2016, and continuing to on or about October 16, 2016, GREGORY SCHER was on release pursuant to an order filed on or about August 11, 2015, from the United States District Court District of Hawaii, Case No. CR 15-00614 SOM, which order notified GREGORY SCHER of the potential effect of committing an offense while on pretrial release.

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

\ \

All in violation of Title 42, United States Code,
Section 408(a)(4)(1) and Title 18, United States Code, Section
3147(1).

DATED:  November 9, 2016, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson, Grand Jury
FOREPERSON, GRAND JURY

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

THOMAS J. BRADY
CHIEF, CRIMINAL DIVISION

DARREN W.K. CHING
GREGG P. YATES
ASSISTANT U.S. ATTORNEYS

UNITED STATES v. GREGORY SCHER,
aka "Greg Scher," "Gregory Armin Scher,"
"Gregory A. Scher," "Greg A. Scher"
Cr. No. 15-00614 SOM
SECOND SUPERSEDING INDICTMENT

13