FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 12 2018

at 11 o'clock and 45 min. a M.
SUE BEITIA, CLERK

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

DARREN W.K. CHING  #6903
SARA D. AYABE #9546
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Darren.Ching@usdoj.gov
         Sara.Ayabe@usdjo.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 15-00614 SOM |
| | ) |
| Plaintiff, | ) MEMORANDUM OF PLEA |
| | ) AGREEMENT |
| vs. | ) |
| | ) |
| GREGORY SCHER, | ) Date:  February 12, 2018 |
| | ) Time: 11:00 am |
| Defendant. | ) Judge: SUSAN OKI MOLLWAY |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure ("FRCP"), the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, GREGORY SCHER

("Defendant" or "SCHER"), and his attorney, Lynn Panagakos, Esq. have agreed upon the following:

    1.    Defendant acknowledges that he has been charged in the Second Superseding Indictment with violating: Count 1 - 42 U.S.C. § 408(a)(2), Count 2 - 42 U.S.C. § 1383a(a)(1), Count 3 - 42 U.S.C. § 1383a(a)(2), Count 4 - 18 U.S.C. § 1001(a)(2), Count 5 - 42 U.S.C. § 408(a)(4)(2) and 18 U.S.C. § 3147(1), Count 6 - 42 U.S.C. § 408(a)(4)(1) and 18 U.S.C. § 3147(1), Count 7 - 42 U.S.C. § 408(a)(5), Count 8 - 42 U.S.C. § 408(a)(3), and Count 9 - 42 U.S.C. § 408(a)(4)(1) and 18 U.S.C. § 3147(1).

    2.    Defendant has read the charges against him contained in the Second Superseding Indictment, and those charges have been fully explained to him by his attorney.

    3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

    4.    Defendant will enter a voluntary plea of guilty to Count 8. Pursuant to FRCP Rule 11(c)(1)(A), the government agrees to move to dismiss the remaining counts of the Second Superseding Indictment after sentencing. Defendant does not admit guilt to the dismissed counts. However, Defendant agrees that any count or relevant conduct to which Defendant has not pled guilty, that this Court determines is proven by a preponderance of evidence, can be

considered as relevant conduct for guideline calculation purposes under USSG §1B1.3 and restitution.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant agrees that this plea is voluntary and not the result of force or threats. Defendant enters this plea because he is in fact guilty of Count 8 - Social Security Fraud in violation of 42 U.S.C. § 408(a)(3) since Defendant knowingly and willfully made false statements in a matter within in the jurisdiction of the Social Security Administration ("SSA") which was used in determining rights to Social Security Disability Insurance Benefits and that the false statements were material to SSA's determination of Defendant's rights to Social Security Disability Insurance Benefits. More specifically, on July 20, 2017, in order to continue to receive Social Security Disability Insurance Benefits, Defendant knowingly and willfully submitted false statements in a Work Activity Report that were material to SSA's determination of Defendant's Social Security Disability Insurance Benefits.

7. Defendant understands that the penalties for the offense to which he is pleading guilty include:

    a. up to 5 years imprisonment,

    b. a fine of up to $250,000,

  c. a term of supervised release of not more than three years,

  d. restitution to the Social Security Administration for the count of conviction and any relevant conduct, in an amount to be determined by the Court prior to sentencing, and

  e. a $100 special assessment as to the count of conviction.

 8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

 On October 22, 2012, Defendant applied, over the internet, for Social Security Disability Insurance (SSDI) benefit payments stating he was unable to work. In submitting the internet application Defendant stated, "I understand and agree that my application will be signed electronically when I select the check box below. I also understand that my electronic signature means that I intend to apply for benefits and have provided the Social Security Administration with accurate information. I declare under penalty of perjury that I have examined all the information on this application and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false or misleading statement about a material fact in this electronic application, or causes someone else to do so, commits a crime and may be sent to prison or may face other

penalties, or both." Based upon his filing and information provided about his medical condition, SSA approved Defendant's claim.

On March 11, 2013, SSA sent Defendant a "Notice of Award" letter via United States Mail and he received this letter. The letter detailed that Defendant was approved for Social Security benefits. Included with the award letter was SSA Publications 05-10153 (What you need to know when you get social security disability benefits).

In July 2014, an SSA Claims Representative began a Continuing Disability Review of Defendant. On or about July 20, 2014, as part of this review, Defendant signed an SSA form SSA-821-BK, "Work Activity Report – Employee." Defendant submitted this report to the SSA. The SSA used this report to determine Defendant's continued rights to SSDI benefits. Defendant signed this report under penalty of perjury. By his signature, Defendant indicated that he "examined all the information on this form, . . . and it is true and correct to the best of [his] knowledge[,]" and that he understood "that anyone who knowingly gives a false or misleading statement about a material fact in this information, . . ., commits a crime. . . ."

Defendant knowingly and willfully made material false statements in this Work Activity Report. Specifically, the form required Defendant to list all of his employment from July 2012 to July 2014. Defendant falsely failed to report

that, as he then and there well knew, he had been employed at Kiewit Infrastructure West Co. (Kiewit) from on or about April 7, 2014 through on or about July 12, 2014.

In addition, Question 4 of the Work Activity Report inquired whether Defendant got "any other payments or benefits from an employer in addition to the regular pay. . . ." Defendant falsely answered this question "No." In truth and in fact, as Defendant then and there well knew, he had received an $11,000.00 payment from Kiewit on or about April 7, 2014. Defendant also received a $3,811.67 payment from Watts Constructors on or about August 2012.

Question 6B of the Work Activity Report asked Defendant to "provide any additional information about your work changes." Defendant reported that he was "now legally blind due to cataracts . . . ," when in truth and in fact, he was not legally blind. To the contrary, on July 23, 2014, as Defendant then and there well knew, Concentra Medical Centers certified that Defendant's depth perception and eyesight were satisfactory for safe operation of a crane or hoist. Dr. Diaz-Ordaz determined, based on an examination performed by his assistant, that Defendant's vision was 20/20 in one eye and 20/40 in the other eye, uncorrected, and Dr. Diaz-Ordaz issued a Medical Examiners Certificate qualifying Defendant in accordance with Federal Motor Carrier Safety Regulations (49 CFR 391.41-391.49).

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing. Defendant is charged with eight other offenses, all involving the SSA, statements or representations made to the SSA, and payment from the SSA. The agreement to plead guilty to the committing Social Security fraud reflects the essence of Defendant's conduct, which is, defrauding the SSA.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Factual stipulations

The facts set forth above in paragraph 8 are incorporated herein by reference.

    b. Offense level stipulations

The parties have no agreement as to applicable offense levels or characteristics; and adjustments. The parties are free to argue what they believe are the appropriate offense levels or characteristics; and adjustments.

c. Based upon information presently known to the prosecution, as of the date of the execution of this Agreement, the United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline §3E1.1(b)(2), if defendant is otherwise eligible.

Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. Defendant understands the government intends to offer proof of the eight other offenses to which Defendant has not pled, as relevant conduct.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

    a. The facts regarding the applicable offense level and characteristics,

    b. The facts regarding applicable adjustments, and

    c. Defendant's applicable guideline range.

13. Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly and intentionally waives the right to appeal his conviction and any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge based on a claim of ineffective assistance of counsel.

    b. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  14. Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  15. Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

  16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charge(s) against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury.

Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not

appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e.    At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    17.    Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

    18.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

    19.    Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

    20.    Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. Defendant further agrees to be bound by this Memorandum of Plea Agreement and not to seek to withdraw from this Memorandum of Plea Agreement or withdraw from the guilty plea that he intends to enter.

22. If, after signing this Memorandum of Plea Agreement, Defendant nonetheless decides not to plead guilty as provided herein, or if Defendant pleads guilty but subsequently makes a motion before the Court to withdraw from this Agreement and the Court grants that motion, Defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement could be used against him if he later proceeds to trial. Defendant voluntarily, knowingly, and intelligently waives any protection afforded by FRCP Rule 11(f) and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The only exception to the principles set forth in this paragraph is where Defendant fully complies with this Agreement but the Court nonetheless

\\
\\
\\
\\
\\

rejects it. In that one situation, the Defendant's statements could not be used, except in accordance with FRCP 11(f) and Fed.R.Evid. 410.

DATED: Honolulu, Hawaii, FEB 1 2 2018.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant United States Attorney

_____
GREGORY SCHER
Defendant

_____
DARREN W.K. CHING
SARA D. AYABE
Assistant U.S. Attorneys

_____
LYNN PANAGAKOS, Esq.
Attorney for Defendant