IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 15-000614 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | RECUSE |
| | ) | |
| GREGORY SCHER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO RECUSE**

Defendant Gregory Scher moves for the recusal of the district judge assigned to this case. The motion is denied.[1]

As an initial matter, this motion appears to fall under 28 U.S.C. § 455, which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Unlike 28 U.S.C. § 144, § 455 does not preclude the judge who is the subject of a recusal motion from ruling on the motion. Indeed, in the absence of a

---

[1] Scher has also filed a notice of appeal. ECF No. 262. This court nevertheless continues to exercise jurisdiction over the case. The notice is facially defective because it challenges an interlocutory order. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("Nascimento's June 2004 Notice of Appeal was defective in that it sought to appeal non-appealable orders. Thus we never had jurisdiction over that appeal, and it was proper for the Montana district court to begin exercising jurisdiction over the case."); *United States v. Garner*, 663 F.2d 834, 837 (9th Cir. 1981) ("Where the deficiency in a notice of appeal, by reason of . . . reference to a nonappealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

prohibition, the Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). The district judge assigned to the case therefore rules on Scher's recusal motion.

The only ground for recusal cited by Scher is this court's ruling on his motion to find the government in default. ECF Nos. 262, 263. In that motion, Scher asserted that the government was in "default" because it had not filed a response to his 28 U.S.C. § 2255 petition by March 11, 2020. ECF No. 258, PageID # 1812. In an order filed on February 27, 2020, however, this court "extend[ed] the Government's response deadline to the petition from March 11, 2020, to April 13, 2020." ECF No. 254, PageID # 1806. This court subsequently granted an additional extension. ECF No. 261. Scher's motions ignore these scheduling orders.

In any event, the substantive standard on a recusal motion is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quotation marks and alterations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016). Usually, any alleged bias should stem from an extrajudicial source. That is, as the Supreme Court said in

*Liteky v. United States*, 510 U.S. 540, 555 (1994), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Judicial decisions "only in the rarest circumstances evidence . . . a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*  The order challenged by Scher is not one of the rare exceptions to that rule.  Accordingly, Scher's motion is denied.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, April 21, 2020



                        /s/ Susan Oki Mollway
                        Susan Oki Mollway
                        United States District Judge

*United States v. Scher*, Crim. No. 15-00614 SOM; ORDER DENYING MOTION TO RECUSE