IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00614 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | EMERGENCY MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGORY SCHER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION
FOR COMPASSIONATE RELEASE**

I.        **INTRODUCTION.**

In early 2019, Defendant Gregory Scher received an
above-guidelines prison sentence of twenty months on one count of
Social Security fraud in violation of 42 U.S.C. § 408(a)(3).  He
has served more than a year of his sentence, and he is scheduled
to be released from FMC Rochester on September 24, 2020.  He now
argues that, in light of the COVID-19 pandemic, this court should
release him early under 18 U.S.C. § 3582(c)(1)(A) and, as a
condition of his release, place him on home confinement for the
duration of what would have been his prison sentence.  Scher is
67 years old and suffers from several serious medical conditions
that place him at risk of complications if he contracts COVID-19.
Those conditions, however, also mean that Scher may need medical
care as soon as he leaves prison.  Scher has not explained how he
will receive that treatment or how he will practice social

distancing after he is released.  This court is left with a
concern that a release before such a plan is in place might pose
a threat to Scher's health.  Although this court considers this a
close case, it denies Scher's request.

**II.      ANALYSIS.**

Scher's compassionate release request is governed by 18
U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

This court begins by expressing some bewilderment about
the Government's interpretation of § 3582(c)(1)(A).  The
Government contends that Scher establishes extraordinary and
compelling reasons in the form of his age and medical conditions
that make him vulnerable if he contracts COVID-19.  However, the
Government says that Scher nevertheless "is not entitled to

2

relief after applying the § 3553(a) factors."  ECF No. 284,
PageID # 2885-86, 2888.  That analysis does not track the
language of § 3582(c)(1)(A).  In conceding that Scher has shown
extraordinary and compelling reasons, the Government is
separating the words "extraordinary and compelling reasons" from
the immediately following words in the statute.  The statute
requires a court to find "that extraordinary and compelling
reasons warrant such a reduction."  Treating Scher's reasons as
"extraordinary and compelling" and only then turning to § 3553
requires treating in isolation words in § 3582(c)(1)(A) that
cannot justifiably be isolated from the idea that the
extraordinary and compelling reasons must be reasons that *warrant*
a reduction.  Indeed, § 3582(c)(1)(A) directs courts to determine
whether extraordinary and compelling reasons warrant a reduction
in sentence only *after* considering the factors in § 3553(a).

     This court views the § 3582(c)(1)(A) analysis as being
of a piece.  This court cannot find that any reason is
extraordinary or compelling without also finding that the reason
warrants a sentence reduction.  Thus, for the court to exercise
its authority under § 3582(c)(1)(A), it must (1) find that the
defendant exhausted his administrative remedies or that 30 days
have passed since he filed an administrative compassionate relief
request; (2) also find, after considering the factors set forth
in section 3553(a), that extraordinary and compelling reasons

warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.

### A.    Scher has exhausted his administrative appeals.

As to exhaustion, on April 2, 2020, Scher submitted an administrative compassionate release request to the warden of his prison.  ECF No. 284-2, PageID # 2902.  That request was ultimately denied, and it appears that Scher has completed the administrative appeals process.  The Government is not contesting Scher's satisfaction of the exhaustion requirement.

### B.    Scher has not demonstrated that extraordinary and compelling circumstances justify his early release.

This court therefore turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  This court recognizes that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.  *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020); *see also Woolem v. United States*, 2020 WL 2820140, at *4 (D. Haw. May 29, 2020); *United States v. Maka*, 2020 WL 2544408, at *3 (D. Haw. May 19, 2020).

Scher is a nonviolent offender who has nearly completed his sentence and faces a substantial risk of complications if he contracts COVID-19.  According to Scher, he is "on continuous 3-

liters-per-minute (LPM) oxygen [during] the waking hours and 4-5 LPM [Oxygen] CPAP bleed-in while sleeping.  Further, [he] is now on a total of ten medications every twelve hours to maintain his well-being."  ECF No. 268.  In his initial request for compassionate release, Scher stated that, once released, he will have "live-in home health care nurse(s) to provide for the Petitioner should he experience an acute respiratory event[.]" *Id.*  Scher may be suggesting that he indeed needs a health care worker to live with him to ensure that his conditions remain under control.[1]

Scher is now serving his sentence at FMC Rochester in Minnesota.  That facility is a specialized medical facility equipped to treat all of his conditions.  No inmate is reported as having been infected with the coronavirus. https://www.bop.gov/coronavirus/ (last visited June 10, 2020). One staff member has been infected, but has recovered.  *Id.*  If these statistics are accurate, Scher is not presently at high risk of contracting COVID-19 while in that facility.[2]  This court

---

[1]   This court is well aware of Scher's medical issues.  It considered those issues during sentencing in two different cases. Indeed, Scher's sentencing in this case was continued to allow Scher to present more complete medical information to the court. ECF No. 205, PageID # 1272.

[2]   The BOP has implemented extensive measures designed to keep COVID-19 out of prisons like FMC Rochester.  *See* ECF No. 284, PageID # 2890-91.  As Scher notes, those measures have not always been successful, and it does appear that once COVID-19 enters a prison, it rapidly spreads.  *See* ECF No. 286, PageID #

is not questioning Scher's assertion that he is at risk of complications if he is infected.  This court is instead noting the low risk that he will be infected at the facility in light of its present circumstances.  This court is certainly not saying that relief is available only if COVID-19 is rampant in a facility.  Such a position would clearly risk endangering people like Scher.  But the risk that Scher will suffer complications if infected does need to be considered in the context of what risk he faces of being infected in the first place.

This court also must consider the risks that Scher will face if he is released without adequate provision for his care. As discussed above, Scher has suggested that he will need to live with a health care worker to manage his physical condition.  None of Scher's submissions show that he will actually receive that care if released.  According to the probation office, both of the "live-in nurses" identified by Scher have denied that they are health care workers.  ECF No. 277, PageID # 1941-42.  One of the two barely knows Scher.  *Id.*  The other is a convicted felon who cannot associate with Scher under the terms of the supervised release Scher must complete following his release from custody. *Id.*  Scher appears to be misrepresenting the care they might give him, apparently hoping to thereby influence this court's

---

2962.  For the moment, however, this court has no evidence that the BOP has failed to keep the coronavirus out of FMC Rochester.

decision.

This court is not treating Scher's lie as something requiring punishment in the form of a denial of his request for compassionate release.  But Scher's need to lie indicates that Scher does not have an actual plan to keep himself safe if released.

Nor has Scher explained how he plans to safely return to Honolulu.  At Scher's sentencing, his doctor indicated that, in light of his condition, air travel presented such a risk to his health that he "shouldn't be in the air at all."  ECF No. 284-4, PageID # 2929.  Whether released early or not, Scher will, of course, finish his prison term and return to Hawaii.  But returning now may be particularly risky.  It is not clear how airlines will ensure passenger safety, and Scher offers no plan to mitigate the risks he would face on a plane.

This court is now forced to balance two different potential threats to Scher's health.  If he remains in prison and contracts COVID-19, he will likely suffer serious complications. On the other hand, if he is released without a plan to address his significant medical needs, the illnesses he already has could become much worse.  Moreover, if released from prison, he could still contract COVID-19.  Although the coronavirus is not as active in Hawaii as it is elsewhere, to return to Hawaii, Scher will have to board an airplane, and that travel alone could

present increased risks of contracting COVID-19.  Possibly, the
travel risks could lessen in the coming months, either because
the virus subsides or because airlines implement better ways to
reduce the risk.

This court must also consider the § 3553 factors.  In
considering Scher's history and characteristics and the need to
afford adequate deterrence for his crime, this court notes
Scher's extensive history of crimes of fraud or deceit.  Indeed,
this is Scher's second criminal case in federal court, and both
involved deceptive conduct.  Moreover, Scher does not appear to
have been rehabilitated.  According to the probation office,
Scher's request for Federal Location Monitoring was denied
because of his manipulative behavior, "untruthfulness," and
"misrepresentations."  ECF No. 277, PageID # 1941-42.  Under
§ 3582(c)(1)(A), this court considers Scher's history of deceit
before determining that extraordinary and compelling
circumstances warrant Scher's release.  Scher's deceit goes to
far more than lying to the court.  The underlying crime in this
case involves taking money from Social Security that Scher was
not entitled to.  In short, this court has to be concerned that
Scher will find new victims.

This is a close case.  Scher's compassionate release
motion is based on the threat that COVID-19 poses to his health.
A person's health is naturally of primary concern.  But at FMC

Rochester, the risk of infection so far appears low, and the record suggests that release may pose its own dangers.  After considering those circumstances along with Scher's continuing pattern of deceptive conduct, this court concludes that extraordinary and compelling circumstances do not justify Scher's early release.  The court urges Scher to prepare for his scheduled relase in September by considering how to travel safely to Hawaii and how to ensure that he has lined up any necessary care once he is in Hawaii.

**III.      CONCLUSION.**

          Scher's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

          It is so ordered.

          DATED: Honolulu, Hawaii, June 10, 2020.



                              /s/ Susan Oki Mollway
                              Susan Oki Mollway
                              United States District Judge

*United States v. Scher*, Cr. No. 15-00614 SOM; ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE