IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SCHER<br><br>Defendant. | CR. NO. 15-00614 JMS<br><br>ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS, AND IN THE ALTERNATIVE WRIT OF AUDITA QUERELA, ECF NO. 341 |

**ORDER DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS, AND IN THE ALTERNATIVE WRIT OF AUDITA QUERELA, ECF NO. 341**

Pro se Defendant Gregory Scher ("Defendant") seeks to have his 2019 conviction and sentence for Social Security fraud vacated, claiming that a representative of the Social Security Administration ("SSA") admitted in 2021 that his conduct "involved an overpayment issue, not fraud." ECF No. 341 at PageID.3304–3305. Defendant's Motion—whether viewed as a writ of coram nobis or audita querela—is without merit and is DENIED.

## I. BACKGROUND

Defendant was charged in a November 9, 2016 Second Superseding Indictment ("SSI") with nine counts, all relating to Social Security benefits fraud. ECF No. 112 at PageID.514–515. On February 12, 2018, Defendant entered a plea

of guilty to count 8 of the SSI, which charged him with making a false statement or representation of material fact in determining the right to Social Security disability insurance benefits in violation of 42 U.S.C. § 408(a)(3). ECF No. 191 at PageID.933; ECF No. 192 at PageID.936. On February 25, 2019, United States District Court Judge Susan Oki Mollway sentenced Defendant to a 20-month term of incarceration, three years of supervised release, and restitution of $26,298.12. ECF No. 229 at PageID.1557; *see also* ECF No. 231 at PageID.1566–1569. Defendant filed a 28 U.S.C. § 2255 Motion on February 5, 2020, ECF No. 250, which was denied on July 22, 2020, ECF No. 289.

Defendant filed his Motion for Writ of Error Coram Nobis, and in the Alternative Writ of Audita Querela, on July 24, 2026. ECF No. 341. The United States filed an opposition on August 24, 2026, ECF No. 345, and Defendant filed a reply on September 4, 2026, ECF No. 352. The court decides the Motion without oral argument pursuant to Local Rule 7.1(c).

## II. STANDARDS OF REVIEW

"Coram nobis is an extraordinary remedy that allows a court to correct an error in light of new evidence." *United States v. Kroytor*, 155 F.4th 1132, 1135 (9th Cir. 2025). The writ is available only where a petitioner can show four things: "(1) the unavailability of a more usual remedy; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction

sufficient to satisfy Article III's case-and-controversy requirement; and (4) an error of the most fundamental character." *Cervantes-Torres v. United States*, 169 F.4th 868, 873 (9th Cir. 2026), *petition for cert. filed*, June 2, 2026. As to the last requirement, an error is "of the most fundamental character" when it has "rendered the proceeding itself invalid." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (citation and quotation marks omitted).

"Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir.1994) (footnote omitted). Instead, "courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." *United States v. Kwan*, 407 F.3d 1005, 1012–13 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). "Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions." *Shin v. United States*, 2017 WL 2802866, at *18 (D. Haw. June 28, 2017) (quoting *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981)). And when a defendant files a federal habeas petition under 28 U.S.C. § 2255, the district court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

Writs of audita querela and coram nobis are "similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir.1991). "A person seeking a writ of audita querela must show a legal defense or discharge to the judgment. A legal defense concerns a legal defect in the underlying sentence or conviction. The writ is unavailable to those who seek it on purely equitable grounds." *United States v. Hovsepian*, 359 F.3d 1144, 1154 (9th Cir. 2004) (citations and quotation marks omitted). Further, a writ of audita querela must involve a defense or discharge that "arises subsequent to the entry of final judgment." *United States v. Crowell*, 374 F.3d 790, 795 (9th Cir. 2004) (citations and quotation marks omitted).

## III. ANALYSIS

### A. Coram Nobis

#### *1. Defendant Fails to Demonstrate a Fundamental Error*

Defendant's Motion is premised on a false claim—that the "sworn testimony from Social Security personnel establish[es] that the matter was an overpayment problem, not fraud[,]" ECF No. 341 at PageID.3306, and thus his conviction was based on a "materially false factual premise," *id.* at PageID.3309. During an August 26, 2021 hearing, Social Security Administration debt specialist

Chadwick Swenson testified that Defendant's restitution obligation of $26,298.12 would be paid in whole by September 2021.[1] ECF 351 at PageID.3538–3539. But Swenson never stated—directly or through implication—that Defendant was overpaid social security benefits but did not engage in fraud. In fact, Swenson's testimony was devoid of any mention as to the offense charged in count 8 of the SSI. Instead, it focused solely on the payment of Defendant's restitution obligation. *See id.* at PageID.3539–3544. And there is surely nothing inconsistent with a claim that the SSA overpaid Defendant *and* that overpayment was based on fraudulent conduct. For this reason, Defendant has failed to show an error, let alone "an error of the most fundamental character." *Cervantes-Torres*, 169 F.4th at 873.

Read liberally, Defendant may be claiming actual innocence. *See, e.g.*, ECF No. 352 at PageID.3563 (stating in his reply brief that "[Defendant] asks the Court to determine whether the plea had a reliable factual foundation in light of [Swenson's] testimony"). This argument fails for several reasons. First, Defendant admitted in his change of plea proceeding that he knowingly engaged in fraud. For example, Defendant confirmed under oath that he lied in an SSA Work Activity Report about vision problems, and that he believed he may lose his SSA

[1] The August 26, 2021 evidentiary hearing, ECF No. 351, concerned Defendant's request "to stay the restitution payments so long as the SSA is recovering its funds through administrative means." ECF No. 323 at PageID.3098.

disability insurance benefits if he told the truth. ECF No. 200 at PageID.985–986. "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008); *see also Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Here, Defendant has failed to present any basis to challenge his prior under-oath statements admitting to fraudulent conduct.

Second, "coram nobis jurisdiction has never encompassed all errors of fact; instead, it was of a limited scope, existing in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979) (citation and quotation marks omitted). Even reading Defendant's Motion liberally, it fails to raise an error of such a fundamental character.

### *2. No Valid Reason Exists Excusing the Delay in Bringing the Motion*

In addition to the failure to demonstrate any fundamental error, Defendant has failed to show that "valid reasons exist for not attacking the conviction earlier." *Hirabayashi*, 828 F2d at 604. Although Defendant waited approximately five years after the August 2021 hearing to file his Motion, he could

have filed the same Motion raising the same claims shortly after the August 2021 hearing.[2] In his Motion, Defendant claims that the delay "was caused by the simple fact that the evidence did not yet exist in the form needed to challenge the conviction." ECF No. 341 at PageID.3309. But this claim lacks credibility. The transcript of the August 2021 hearing was prepared on November 15, 2021. ECF No. 351 at PageID.3557. And, even if Defendant did not have the transcript in hand, nothing prevented him from filing a coram nobis petition shortly after the August 2021 hearing without attaching a transcript. In further explanation of the delay, in his reply brief Defendant states that he raised "the same overpayment issue in his January 25, 2023 filing seeking early termination of supervised release[,]" after which "he continued trying to reconstruct the underlying SSA record and ultimately filed" this Motion. ECF No. 352 at PageID.3560.[3] But even if true, these statements provide no explanation as to why Defendant waited over

[2] In fact, Defendant could have raised the same challenge well before August 2021. The fact that Defendant's conviction was based in part on overpayments made by the SSA was known to Defendant throughout the proceedings. For example, the August 28, 2018 presentence report reflects that Defendant's overall social security fraud resulted in "overpayments" of $39,203.49. ECF No. 207 at PageID.1293. And, at sentencing, Judge Mollway ordered restitution in the amount of $26,298.12 based on the overpayment of SSA benefits to Defendant. *See, e.g.*, ECF No. 283 at PageID.2827.

[3] In support of his claim that he has sought various records from the SSA, Defendant attaches to his reply brief a September 2, 2026 request for certain SSA records relating to his benefits. ECF No. 352 at PageID.3576. And Defendant's declaration states that he spoke with SSA representatives in August and September 2026. *Id.* at PageID.3568–3569. As is obvious, these requests were made by Defendant after he filed his July 24, 2026 Motion, not before. And, as equally obvious, Defendant could have requested these records any time before or after his conviction.

five years from the date of the August 2021 hearing to file the Motion. All the facts he presented in the Motion were available to him immediately after the August 2021 hearing. In short, Defendant has provided no valid basis for delay. *See Kroytor*, 977 F.3d at 962 (discussing the requirement that a Defendant must show valid reasons for not attacking his conviction earlier).

**B. Audita Querela**

Defendant's audita querela argument fares no better—for the reasons set forth above, Defendant has failed to show a legal defense that would entitle him to relief. *See Hovsepian*, 359 F.3d at 1154; *see also Doe v. I.N.S.*, 120 F.3d 200, 204 (9th Cir. 1997) ("[W]e now expressly join our sister circuits in holding that a writ of audita querela, if it survives at all, is available only if a defendant has a legal defense or discharge to the underlying judgment.") (footnotes omitted). Further, as explained above, Defendant raises no defense that arose subsequent to the entry of judgment. *See Crowell*, 374 F.3d at 795 (stating that a writ of audita querela must involve a defense or discharge that "arises subsequent to the entry of the final judgment" (citation and quotation marks omitted)).

\\\

\\\

\\\

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion for Writ of Error Coram Nobis, and in the Alternative Writ of Audita Querela, ECF No. 341.[4]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2026.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

[4] Further, because the filings before the court conclusively show that Defendant is not entitled to relief, the court thus DENIES Defendant's request for an evidentiary hearing.